IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| **MUKUL ADVANI,** | Case No.: |
| PLAINTIFF, | |
| VS. | **COMPLAINT** |
| **TRANS UNION, LLC,** | |
| AND | **JURY TRIAL DEMAND** |
| **BANK OF AMERICA, N.A.,** | |
| DEFENDANTS | |

NOW COMES THE PLAINTIFF, MUKAL ADVANI, BY AND THROUGH COUNSEL, KEN OKORIE, and for his Complaint against the Defendants, pleads as follows:

### **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Houston, Harris County, Texas.

4. Venue is proper in the Southern District of Texas, Houston Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Houston, Harris County, Texas.

6. The Defendants to this lawsuit are:

   a. **Trans Union, LLC ("Trans Union")**, a Delaware limited liability company that conducts business in the State of Texas and may be served with process through its Registered Agent, The Prentice Hall Corporation System, at 211 E. 7th Street, Suite 620 Austin, TX 78701

   b. **Bank of America, N.A. ("Bank of America")**, a foreign corporation that conducts business in the State of Texas and may be served with process at Bank of America, NA, 500 Dallas Suite 31000, Houston TX 77002.

## **GENERAL ALLEGATIONS**

7. Bank of America is reporting an obsolete trade line ("Errant Trade Line") on Plaintiff's Trans Union disclosure.

8. The account reflected by the Errant Trade Line should no longer be reflecting on his credit report because the date of his first delinquency was more than 7 years ago.

9. In 2017, Plaintiff obtained his Trans Union credit disclosure and noticed the Errant Trade Line reporting.

10. In 2018, Plaintiff submitted a letter to Trans Union disputing the Errant Trade Line.

11. On or about June 19, 2018, Plaintiff submitted another letter to Trans Union disputing the Errant Trade Line via certified mail.

12. In his dispute letter, Plaintiff explained that the account reflected by the Errant Trade Line should no longer be reporting on his credit disclosure because the date of his first delinquency was more than 7 years.

13. He asked Trans Union to remove the Errant Trade Line from his credit disclosure.

14. Upon information and belief, Trans Union forwarded Plaintiff's consumer dispute to Bank of America.

15. On or about June 27, 2018, Plaintiff received a response from Trans Union stating that its investigation will be completed on or before August 4, 2018.

16. On or about June 29, 2018, Plaintiff received Trans Union's investigation results which showed that Trans Union and Bank of America failed or refused to remove the Errant Trade Line.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA**

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Trans Union of Plaintiff's consumer dispute of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Bank of America negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to remove the Errant Trade Line.

21. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such trade line.

22. As a direct and proximate result of Bank of America's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Bank of America is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to remove the Errant Trade Line.

27. Bank of America willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

28. As a direct and proximate result of Bank of America's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Bank of America is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate result of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to

one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 19, 2018

By: */s/ Ken Okorie*
Ken Okorie
Attorney-in-charge
 (SBN: 15241730)
Okorie & Associates
12003 Merewood Ln
Houston, TX 77071-2413
Email: mellanby@me.com
Telephone: (713) 778-0000
Fax: (713) 772-0000

**Attorneys for Plaintiff, Mukul Advani**